UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Devon Hall | ) C/A No. 4:14-4330-DCN-TER |
| | ) |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Linda Thomas, Warden, FCI Edgefield, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner Gregory Devon Hall ("Petitioner"), proceeding pro se, files this petition pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Federal Correctional Institution in Edgefield South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. See 28 U.S.C. § § 1915(e); 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

On February 9, 2012, Petitioner pleaded guilty to Count 1s of a superseding indictment which charged him with conspiracy to distribute cocaine base. (Cr. Case Doc. #90, 126 and Docket minute entry dated 2/9/12) He was sentenced on May 23, 2012 to a term of imprisonment of two hundred seventy-five months. (Cr. Case Doc. # 126). Judgment was entered on June 4, 2012. Id. Petitioner did not appeal. Thereafter, Petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255, challenging counsel's effectiveness, and raising claims that the sentencing calculations in his case

---

[1] In addition to the Documents in the record, this Court may take judicial notice of Petitioner's underlying criminal case (No. 1:11-CR-369-1) out of the Middle District of North Carolina. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

1

were incorrect. No. 1:13-cv-462. Although Petitioner indicates that he believes his Section 2255 petition has been dismissed, the Court docket for the Middle District of North Carolina indicates the case is still pending. See Cr. Case No. 1:11-369, and 1:13-cv-462.   Petitioner also appears to have a motion pending for a reduction in sentence pursuant to certain amendments to the sentencing drug guidelines.

Petitioner filed the instant §2241 on November 10, 2014 attacking the constitutionality of his conviction and sentence. (Doc. # 1).  Petitioner has styled the instant action as one sounding in habeas corpus pursuant to 28 U.S.C. §2241, which provides a means for a prisoner to challenge the execution of his sentence. However, Petitioner asserts claims of ineffective assistance of counsel and that he is actually innocent of certain sentencing enhancements.  (Doc. # 1).

## DISCUSSION

A.      STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not

2

filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.     ANALYSIS

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir.2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997) ( en banc )). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he

3

or she can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001); see also Ennis v. Olsen, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec.22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The undersigned notes that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In Re Vial, 115 F.3d at 1194 n. 5 (citations omitted).

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in In re Jones, 226 F.3d 328 (4th Cir.2000). In Jones, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333–34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the

4

test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." The petition makes no allegation that the underlying conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change. Rather, Petitioner suggests that § 2255 is inadequate or ineffective solely because he has been unable to achieve any relief in his § 2255 motions. (Doc. # 1).

There is some authority allowing a petitioner to obtain review of his additional constitutional claims by showing that his case implicates a fundamental miscarriage of justice, such as by a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). However, cognizable claims of actual innocence are extremely rare and must be based on "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence of the charge. See Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). In sum, nothing in this case presents more than an unsupported allegation of actual innocence. Because Petitioner has not demonstrated that he is actually innocent and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, the undersigned recommends this matter be

dismissed.[2]

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without requiring the respondents to file a return.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 20, 2015
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

---

[2]The current state of the law in the Fourth Circuit is that the savings clause does not extend to petitioners who challenge only their sentences.  But see Persaud v. United States, 134 S. Ct. 1023 (2014)(pending before the District Court in North Carolina on remand from the Fourth Circuit pursuant to remand from the United States Supreme Court).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).